the station. The court had just prior to this ruling properly allowed the defendant to cross-examine Brown about other parts of the conversation which occurred between him and the plaintiff in error at this interview. It is always proper cross-examination to ask a witness if on a specified occasion he made a statement contrary to his testimony in the case. This was particularly pertinent and important in this case where the contention of the plaintiff was that the witness Brown arrested the plaintiff at the behest of the defendant, plaintiff in error, without any warrant.

Other rulings on evidence are claimed to be erroneous, but it is unnecessary for us to pass upon them. The judgment is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*

**Desplaines Safety Deposit Company, Defendant in Error, v. Charles J. Bour et al., Plaintiffs in Error.**

**Gen. No. 20,446.    (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed May 11, 1915.

### Statement of the Case.

Action by Desplaines Safety Deposit Company, a corporation, plaintiff, against C. C. Fairman, F. B. Harriman and Charles J. Bour, defendants, to recover rent under the terms of a lease.

The lease bears date of April 10, 1913, and was made and executed by the plaintiff as lessor to the Acme Brass & Aluminum Foundry Company, lessee, demis-

ing premises known and described as the fourth and fifth floors of a building known as No. 617-619 Fulton street in the city of Chicago, to be occupied for machine shop and brass and aluminum foundry and nickel-plating plant, for the term commencing May 1, 1913, and ending April 30, 1914. The lessee, in consideration of the demise, covenants and agrees to pay as rent for the premises the sum of $1,380 in monthly instalments of $115 each, in advance, upon the first day of each and every month of said term. The lease was signed by the lessor by its president and was signed by the Acme Brass & Aluminum Foundry Company by C. C. Fairman, president, C. C. Fairman, F. B. Harriman and Charles J. Bour.

The evidence shows that the Acme Brass & Aluminum Foundry Company was, at the time of the execution of the lease in question, in process of organization as a corporation under the laws of the State of Illinois. A certificate of complete organization was issued on May 3, 1913, by the Secretary of State of the State of Illinois, and was filed for record in the recorder's office of Cook county, Illinois, the county in which the principal office of the corporation was located, on October 21, 1913.

The defendant, C. C. Fairman, failed to file an amended affidavit of merits as ordered by the court and judgment was entered against him by default, and he has not joined in the assignment of errors. Service of summons was never had upon the defendant Harriman, and he has never appeared in the proceedings either in this court or in the Municipal Court. The defendant Charles J. Bour was served with summons, appeared and defended the suit in the Municipal Court, where, at the conclusion of the trial, the jury were instructed to find the issues for the plaintiff and assess the plaintiff's damages at the sum of $315, and judgment was thereupon rendered upon the verdict for $315 against the defendants Bour and Fairman.

To reverse this judgment, defendant Bour alone prosecutes this writ of error.

There was no controversy as to the facts, but an agreed statement of facts was made in the court below and read to the jury. There was further offered the evidence of J. Harley Bradley and Charles J. Bour. The testimony of neither witness was controverted.

The principal ground urged for reversal was the question that the lease sued on was *ultra vires,* and that the plaintiff had no power under its certificate of incorporation or under the law to own the premises in question or to make a lease thereof, and that such alleged want of power can be pleaded as a defense to the action for rent.

The facts upon which it is sought to reverse the judgment are that the plaintiff is a corporation organized under the laws of the State of Illinois to erect, maintain, operate and manage safety deposit vaults; that the premises demised in the lease are two floors of the building owned by the plaintiff and fronting on Fulton street. This building constitutes an L of the plaintiff's main building which fronts on North Desplaines street. At about the time of the purchase the plaintiff bricked up certain archways in the wall between the main building and the L fronting on Fulton street, thus making a solid wall between the sections of the building, and that condition continued up to the time of the execution of the lease in question and during the term thereof. The plaintiff, since acquiring the building, has occupied a portion thereof fronting on North Desplaines street for its corporate business, but has never occupied any part of the building fronting on Fulton street. It has always leased to tenants for warehouse and factory purposes the Fulton street L. The building is six stories high and the vaults used by the plaintiff extend through three stories of the building.

CHURCH, SHEPARD & DAY, for plaintiff in error Charles J. Bour.

ROTHSCHILD & SCHAFFNER, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

## Abstract of the Decision.

1. CORPORATIONS, § 344*—*when defense of ultra vires not available in action by corporation.* In an action by a corporation to recover rent for a portion of its premises leased by it, the abuse of the power of the corporation in making the lease cannot be availed of as a defense.

2. CORPORATIONS, § 26*—*when officers and stockholders of corporation liable for lease executed before incorporation.* The proposed officers and stockholders of a corporation in the process of organization who execute a lease in the name of the corporation are bound to see that the corporate organization is complete, or they assume a personal and individual liability.

3. CORPORATIONS, § 3*—*when Corporation Act not strictly construed.* In an action to hold the proposed officers and stockholders of a corporation in the process of organization personally liable on rent owed under a lease executed by them in the name of the corporation, section 18 of the Corporation Act (J. & A. ¶ 2435) is not to be construed strictly and as defeating the action.

4. LANDLORD AND TENANT, § 296*—*when liability under lease incurred.* In an action to recover rent under a lease for a term of one year which provides that the rent shall be payable monthly in advance, it cannot be contended that the liability created by the lease was not created on the execution of the lease, but only arose when the monthly instalments of rent became due.

5. LANDLORD AND TENANT, § 35*—*when signer of lease personally liable.* Where the name of the lessee stated in the lease is such that it may indicate the lessee to be either a partnership or a corporation, and it is executed in the name of the lessee by individuals who were doing business in that name, they are bound thereby, though they are not named in the lease.

6. TRIAL, § 198*—*when direction of verdict proper.* Where there is no issue of fact to be submitted to the jury, the court may exercise its power to decide questions of law by directing the verdict.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.